FILED
May 11, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002623742

KAREN EHLER
SBN 88634
LAW OFFICE OF KAREN EHLER
433 SECOND STREET, SUITE 100
WOODLAND, CA 95695
(530)666-7176
(530)666-0326 FAX

ATTORNEY FOR DEBTORS

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

LARRY P. KRAWESKY
MARY E. MOORE-MINISTER

CASE NO.2010-31551-A-7
DOCKET CONTROL NO: KE-01
HEARING DATE:JUNE 7,2010
HEARING TIME:9:00 A.M.
COURTROOM:28
THE HONORABLE MICHAEL S. MCMANUS

_____/

**MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS**

KAREN EHLER, on behalf of LARRY P. KRAWESKY and MARY E. MOORE-MINISTER, the Debtors herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's Interest in the Debtor's business. This Motion is based on the following facts:

1. This case was commenced with the filing of a Petition on April 30, 2010. SUSAN SMITH was duly appointed to serve as Trustee.

2. As shown on the Statement of Financial Affairs in this case, the Debtor MARY E. MOORE-MINISTER operates a consulting business known as "M. E. Moore-Minister, The

Consultant". The Debtor is a marketing and communications consultant. Her work involves writing releases, writing speeches, producing film and photography, planning meetings and events, strategic planning and government relations. Most of her business clients are involved with golf. She attends and participates in events where she plays golf. She operates this business out of her home. The business has almost no assets and those assets are fully disclosed and exempted in Schedules B and C. Schedule B filed in this case identifies the following as assets of the business:

   a. Payment received by the Debtor in the amount of $2513 from Rolling Hills Casino.
   b. Payment owed by Northern CA Golf Representatives Association but not yet received in the amount of $1000.
   c. A business license
   d. Fake plants, 25 frames, 50 vases, seasonal and holiday décor used for the business.
   e. 1 set of men's custom golf clubs with bag and 1 set of women's custom golf clubs with bag used in the business.

3. Schedule C exempts these assets.

4. There are no other business assets which could be liquidated by the Trustee.

5. Schedule I shows that income from this business is the debtors' only current source of income.

6. The Schedules and Statement of Financial Affairs are incorporated herein by reference.

7. 11 USC Section 554 provides for the abandonment of estate assets which are burdensome or of inconsequential value to the estate. Debtor's business is such a property.

8. Debtors assert that, based on the lack of any nonexempt equity in any business related asset, there is no benefit to the estate of either operating or shutting down this business.

9. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the debtors move this Court to

1. Issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

2. For such other relief as the Court deems just and proper.

Dated: May 11, 2010           _____
                              KAREN EHLER
                              Attorney for Debtors